UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTA BURGOS,

    Plaintiff,

v.                                                                Case No. 8:20-cv-2497-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability and Supplemental Security Income ("SSI"). As no basis exists for a remand under sentence six of 42 U.S.C. § 405(g), the Commissioner's decision is affirmed.

**I.**

**A.   Procedural Background**

Plaintiff filed an application for a period of disability and SSI (Tr. 312-17). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 145, 174, 179-94). Thereafter, Plaintiff requested an administrative hearing (Tr. 195). Per Plaintiff's request, the ALJ held a hearing at

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

which Plaintiff appeared and testified (Tr. 105-32). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits on November 4, 2019 (Tr. 37-69).

A few weeks later, Plaintiff requested review by the Appeals Council (Tr. 307-09). Following that, in June 2020, Plaintiff's counsel submitted additional records from Tampa Family Health Centers ("TFHC") for the period from August 2019 through February 2020 (Tr. 83-104). Subsequently, the Appeals Council denied review on September 1, 2020 (Tr. 1-9). In denying review, the only additional evidence the Appeals Council exhibited consisted of the three-page Request for Review and one-page Representative Brief, both submitted by Plaintiff's counsel (Tr. 5-6, 307-09, 415). In denying review, however, the Appeals Council considered the treatment records from TFHC, finding that they did not show a reasonable probability that the treatment records would change the outcome of the decision and, for the sole treatment record post-dating the ALJ's decision, that such additional evidence did not relate to the period at issue (Tr. 2). On the same day the Appeals Council issued its denial, Plaintiff's counsel submitted additional records from Gracepoint Mental Health Center ("Gracepoint") (Tr. 70-82). Nine days later, after the Appeals Council already issued its decision, Plaintiff's counsel submitted additional treatment records from Cora Physical Therapy ("Cora") (Tr. 10-30). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1975, claimed disability beginning January 1, 2013 (Tr. 312).[2] Plaintiff completed two years of college (Tr. 126, 328). Plaintiff's past relevant work experience included work as a molded frames assembler, a janitor, and a sales promotion representative (Tr. 126-27, 328). Plaintiff alleged disability due to memory problems, circulation problems, bipolar disorder, panic attacks, anxiety, diabetes, fibromyalgia, and pain throughout her body (Tr. 327).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since September 26, 2017, the application date (Tr. 46). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: major depressive disorder, generalized anxiety disorder, panic disorder, bipolar disorder, fibromyalgia, Type 2 diabetes mellitus, and obesity (Tr. 46). Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 47). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations: limited to no more than occasional stooping, kneeling, crouching, crawling, and climbing of ladders, ropes, scaffolds, ramps, and stairs; could balance frequently; could frequently reach overhead with

---

[2] During the administrative hearing, Plaintiff moved to amend her alleged onset date to September 26, 2017, the application date (Tr. 112).

the left upper extremity; could frequently finger bilaterally; would need to avoid concentrated exposure to workplace hazards, such as moving, mechanical parts and unprotected heights; was limited to low-stress work, defined as other people not reliant on Plaintiff to perform their work, there would be infrequent workplace changes, little decision making would be required, and conflict with others would not be the primary function of the job; and was limited to frequent interaction with supervisors and co-workers and occasional interaction with the public (Tr. 52). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 54).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 63). Given Plaintiff's RFC and background, including Plaintiff's designation as a younger individual and inability to communicate in English, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a laundry folder, a mail clerk, and a car wash attendant (Tr. 64, 128). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 65).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 416.920(a)(4)(i)-(iv). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age,

5

education, and work experience. 20 C.F.R. § 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether

the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the matter should be remanded back to the Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of new, non-cumulative, material evidence.  When reviewing final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Commissioner of Social Security are set forth in sentence four and sentence six of 42 U.S.C. § 405(g).  *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993).  Sentence six provides:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g).  Sentence six constitutes the only way in which a district court may remand a case to the Commissioner for consideration of new evidence not presented to the Commissioner at any stage of the administrative process and requiring further review.  *See Ingram*, 496 F.3d at 1267-68; *see also Jones v. Comm'r of Soc. Sec. Admin., Miami S. Region*, 497 F. App'x 888, 891 (11th Cir. 2012).[3]  To

---

[3]  Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  11th Cir. R. 36-2.

establish a basis for remand under sentence six, therefore, a claimant must demonstrate that (1) there is new, noncumulative evidence; (2) the evidence is "material," meaning relevant and probative such that a reasonable possibility exists that it would change the administrative result; and (3) good cause exists for the failure to submit the evidence at the administrative level. *Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 821 (11th Cir. 2015) (citation omitted).

Here, the ALJ issued his decision on November 4, 2019 (Tr. 37-69), and the Appeals Council denied review on September 1, 2020 (Tr. 1-9). Plaintiff contends that she has new, material, noncumulative evidence regarding her hip impairment and mental impairments that the Appeals Council should consider upon remand and that good cause exists for her failure to submit the evidence during the administrative proceedings. Mainly, Plaintiff points to the treatment notes from Cora, dated from January 2020 through March 2020, pertaining to physical therapy she received for her hip impairment (Tr. 17-30); treatment records from Gracepoint, dated from October 2019 to May 2020, pertaining to her mental impairment (Tr. 70-82); and treatment records from TFHC, dated from August 2019 to February 2020, pertaining to her hip impairment (Tr. 83-104). According to Plaintiff, the evidence is new because all the treatment occurred after the date of the ALJ's decision and therefore good cause existed for the failure to submit it to the ALJ. She contends the treatment records are material because the treatment notes were generated shortly after the issuance of the ALJ's decision, meaning a reasonable probability existed that Plaintiff's reduced level of functionality was the same at the

time of the ALJ's decision and that the treatment notes would change the administrative result. Finally, she argues that the treatment records are non-cumulative because they indicate a greater severity than the evidence considered by the ALJ. Accordingly, she contends that a remand under sentence six of 42 U.S.C. § 405(g) is warranted. In response, the Commissioner argues that (1) the treatment records are not new, as evidence is only considered new if such evidence was not in existence or available at the time of the administrative proceedings not just at the time of the ALJ's decision; (2) the treatment records are not material since no reasonable possibility exists that they would change the administrative result; and (3) good cause did not exist for Plaintiff's failure to submit all the treatment notes during the administrative proceedings.

### A.     TFHC Treatment Records

Turning first to the TFHC treatment records, Plaintiff fails to demonstrate error. On June 24, 2020, Plaintiff submitted the treatment records from TFHC prior to the issuance of the Appeals Council's denial of review on September 1, 2020 (Tr. 1-9, 83-104). In denying review, the Appeals Council explicitly addressed the treatment records from TFHC, stating:

> You also submitted evidence from Tower Radiology, dated August 27, 2019 (1 page); and Tampa Family Health Center, dated September 12, 2019 through October 22, 2019 (10 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted evidence from Tampa Family Health Center, dated February 6, 2020 (6 pages). The Administrative Law Judge decided your case through November 4, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the

>decision about whether you were disabled beginning on or before November 4, 2019.
>
>If you want us to consider whether you are disabled after November 4, 2019, you need to apply again.

(Tr. 2). As Plaintiff submitted the TFHC treatment records during the administrative proceedings, and the Appeals Council explicitly addressed those records and found that they did not establish a reasonable probability that the evidence would change the outcome of the decision nor related to the period at issue, no basis for remand under sentence six exists as to the TFHC treatment records. Nothing more was required of the Appeals Council, and Plaintiff does not argue to the contrary nor challenge the Appeals Council's denial of review. *See Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852-53 (11th Cir. 2015) (concluding that the Appeals Council is not required to make specific findings of fact when it denies review, regardless of whether the new evidence is deemed cumulative or not chronologically relevant); *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784-85 (11th Cir. 2014) (concluding that, where the Appeals Council accepted the new evidence and stated that it denied review because the additional evidence failed to establish error in the ALJ's decision, the Appeals Council adequately reviewed the new evidence and was not required to provide a detailed rationale for denying review).

### B. Gracepoint and Cora Treatment Records

Next, as to the Gracepoint and Cora treatment records, Plaintiff likewise failed to establish error. Plaintiff submitted the Gracepoint treatment records on

September 1, 2020, the same date the Appeals Council issued its denial of review, and thus did not afford the Appeals Council an opportunity to review the evidence (Tr. 1-9, 70-82). Plaintiff submitted the Cora treatment records on September 10, 2020, after the Appeals Council issued its denial of review, similarly failing to afford the Appeals Council an opportunity to review the evidence (Tr. 1-9, 10-30). Accordingly, since the Gracepoint and Cora treatment records were not considered during the administrative proceedings, a determination must be made as to whether the Gracepoint and Cora treatment records constitute new, non-cumulative, material evidence and, if so, whether good cause existed for Plaintiff's failure to submit the evidence during the administrative proceedings.

Plaintiff first argues that the Gracepoint and Cora treatment records are new, as they did not exist at the time of the ALJ's decision, since the Gracepoint treatment records cover a period from October 2019 through May 2020 and the Cora treatment records cover a period from January 2020 through March 2020, while the ALJ issued his decision on November 4, 2019 (Tr. 10-30, 37-69, 70-82). As the Commissioner contends, however, the question is not whether the treatment records existed at the time of the ALJ's decision but whether they existed at the time of the administrative proceedings, which necessarily includes the proceedings before the Appeals Council. Namely, with a few exceptions, a Social Security claimant may present new evidence at each stage of the administrative review process, including before the Appeals Council. *Washington v. Social Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015); *see also Pupo v. Comm'r, Soc. Sec.*

*Admin.*, 17 F.4th 1054, 1063 (11th Cir. 2021). While the Appeals Council maintains discretion not to review the ALJ's denial of benefits, the Appeals Council must consider new, material, and chronologically relevant evidence submitted by the claimant. *Washington*, 806 F.3d at 1320; *see* 20 C.F.R. § 416.470(b). If the Appeals Council refuses to consider new evidence submitted to it and denies review, the Appeals Council's decision is subject to judicial review. *Washington*, 806 F.3d at 1320. Thereafter, if a court determines that the Appeals Council erroneously refused to consider evidence, remand is warranted. *Washington*, 806 F.3d at 1321. For purposes of considering whether evidence is new, therefore, the administrative proceedings include not only the proceedings before the ALJ but also the proceedings before the Appeals Council. *See Ingram*, 496 F.3d at 1267 ("Our settled precedents establish that a sentence six remand is available when evidence not presented to the Commissioner at *any stage of the administrative process* requires further review.") (emphasis added); *see also Lindsey v. Comm'r of Soc. Sec.*, 741 F. App'x 705, 711 (11th Cir. 2018) (finding that evidence created after the ALJ's decision but before the Appeals Council's denial of review could have been submitted to the Appeals Council as the plaintiff failed to show that such records did not exist before the Appeals Council's decision and the plaintiff knew of the existence of the records because he had treated with those medical sources on those dates and additionally finding that the plaintiff had not demonstrated good cause for the failure to submit such records by showing that he could not have obtained the records earlier); *cf. Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (stating that, under sentence six of §

405(g), "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the outcome of the prior proceeding"); *cf. Jones*, 497 F. App'x at 892 ("New evidence is evidence that was not in existence or available to the claimant at the time of the administrative proceeding.").

As the Commissioner contends, Plaintiff failed to establish that the treatment records are new or that good cause existed for her failure to submit the treatment records during the administrative proceedings. In this instance, the Gracepoint and Cora treatment records were created and therefore existed anywhere from four to eleven months before the Appeals Council denied review. Such records thus cannot be considered new for purposes of a remand under sentence six, as they existed during the administrative proceedings. Moreover, Plaintiff offers no explanation or justification, such as an inability to obtain the records, for her failure to timely submit any of the treatment records prior to the Appeals Council's denial of review.[4] She therefore did not establish good cause for her failure to submit such records during the administrative proceedings.

Beyond that, Plaintiff failed to show that the Gracepoint or Cora treatment records are material and non-cumulative.[5] As indicated, evidence is considered

---

[4] Plaintiff has been represented by counsel during both the administrative proceedings and before this Court (Tr. 10, 31-32, 70, 83, 106-32, 176, 415; Doc. 1).

[5] Interestingly, Plaintiff asserts that the Commissioner subsequently approved her claim, which supports her position that the new treatment records are material (Doc. 20, at 8). In contrast, however, the Commissioner states that no subsequent claim was approved (Doc. 20, at 13 n.5). Regardless, as the Commissioner asserts, "the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier

"material" when it is relevant and probative so that there is a reasonable possibility that it would change the administrative result. *See Hunter*, 808 F.3d at 821. Except for a single Gracepoint treatment record from October 2019 (Tr. 76), the Gracepoint and Cora treatment records address treatment received after the issuance of the ALJ's decision from December 2019 through May 2020 (Tr. 10-30, 77-82). In considering the TFHC treatment record from February 2020, the Appeals Council already determined that such evidence did not relate to the period at issue and thus did not affect the decision about whether Plaintiff was disabled beginning on or before November 4, 2019. Indeed, evidence is considered "chronologically relevant when it relates to the period on or before the date of the ALJ's decision." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 864 (11th Cir. 2017) (citing *Washington*, 806 F.3d at 1322)); *cf. Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) ("We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision."). Given that all but one of the Gracepoint treatment records and that all of the Cora treatment records relate to a period after the date of the ALJ's decision, the additional records would not provide insight into Plaintiff's condition at the time of the ALJ's decision or otherwise prove relevant and probative such that a reasonable possibility exists that consideration of the treatment records would change the administrative result.

---

unfavorable decision or the factfindings upon which it was premised." *Hunter*, 808 F.3d at 822.

Further, the evidence is cumulative of information and treatment already considered and accounted for by the ALJ in the decision (Tr. 37-69). For example, regarding Plaintiff's hip impairment and any attendant pain and weakness, the ALJ thoroughly considered the findings set forth in an August 2019 MRI of the hip in conjunction with treatment records relating to Plaintiff's fibromyalgia and complaints of chronic pain along with evidence of Plaintiff's obesity, including treatment received at TFHC during the relevant period (Tr. 52-57). Similarly, regarding Plaintiff's mental impairments, the ALJ comprehensively discussed and considered Plaintiff's treatment for all her mental impairments, including treatment received at Gracepoint during the relevant period (Tr. 57-63). After doing so, the ALJ determined that Plaintiff retained the ability to perform a reduced range of light work, accounting for her physical and mental impairments by including the limitations set forth above. Nothing in any of the additional treatment records offers probative information that is non-cumulative to that already considered by the ALJ in rendering the decision. For the foregoing reasons, therefore, remand under sentence six is unwarranted.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1.  The decision of the Commissioner is AFFIRMED.

2.  The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 22nd day of March, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

Case 8:20-cv-02497-AEP   Document 21   Filed 03/22/22   Page 16 of 16 PageID 824